STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JAMES BUFFA AND PHILIP CAREY, DEFENDANTS-APPELLANTS.

Argued January 11, 1960—Decided January 25, 1960.

*Mr. Archibald Kreiger,* Legal Assistant to Prosecutor, argued the cause for plaintiff-respondent (*Mr. John G. Thevos,* Passaic County Prosecutor, attorney).

*Mr. Walter H. Gardner, Jr.,* argued the cause for defendants-appellants (*Messrs. David J. Caliri and Joel Mangel,* on the brief).

PER CURIAM. The judgment of conviction of the defendants is affirmed for the reasons stated by the Appellate Division, 51 *N. J. Super.* 218 (*App. Div.* 1958), with a qualification to be expressed.

Reference is made in the opinion to defendants' complaint about certain comments of the prosecutor in his summation to the jury. The conclusion reached was that none of the criticized remarks, including one which was objected to specifically at the trial, was erroneous. They were said to be simply "vigorous and forceful presentation of the State's case." In our judgment, the portions of the summation which were not expressly challenged when uttered by the prosecutor were improper, but in the entire context of the trial we cannot say that they constituted plain error. Moreover, the one to which specific objection was made was clearly an improper use of the evidence relating to defendant's previous convictions of crime. But the trial court (as he indicated he would) instructed the jury comprehensively that the probative force of such convictions was limited to its effect on the witness' credibility. For that reason it cannot be said that prejudicial error resulted from the prosecutor's impropriety. This matter is singled out for mention for the purpose of making plain that such form of argument should not be repeated.

The last paragraph of the opinion refers to the introduction by the State of testimony showing prior consistent, out of court identification of the defendants by the witness giving identification evidence at the trial. The court suggested that the present trend of judicial authority is to allow such

proof and cited the pertinent cases. But it inferred that the New Jersey rule may be to the contrary, citing *State v. Landeros,* 20 *N. J.* 69, 72 (1955); *State v. D'Ippolito,* 22 *N. J.* 318, 322 (1956), and it held that, in any event, since such testimony was not objected to by experienced counsel and plain error did not appear, reversal was not justified. We agree that there is much persuasive force in the majority rule which sanctions admissibility of such proof when the person who made the earlier out of court identification appears as a witness at the trial of the case and identifies the defendants in court or indicates that he is unable to do so at that time. The state of the record, however, makes it unnecessary to decide the problem in this case and decision thereon is reserved.

*For affirmance*—Chief Justice WEINTRAUB, and Justices BURLING, JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—7.

*For reversal*—None.