78 N.J. Super. 400 (1963)
188 A.2d 635
STATE OF NEW JERSEY, PLAINTIFF,
v.
FLOYD ROSENBERG, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Decided February 28, 1963.
*401 Before Judges GOLDMANN, FREUND and FOLEY.
Mr. Floyd Rosenberg, defendant, pro se.
PER CURIAM.
Defendant requests leave to appeal as an indigent from the Union County Court's denial of habeas corpus after a hearing held January 21, 1963. He also seeks assignment of counsel and a free transcript of the hearing. We treat of the mattter by formal decision in view of the fact that other prisoners are resorting to habeas corpus on the same ground as defendant advances here.
The Union County grand jury returned three indictments against defendant in April 1962: (1) No. 314 charging him with obtaining a negotiable instrument by false statements, N.J.S. 2A:119-3; (2) No. 315 charging conspiracy, N.J.S. 2A:98-1 and 2; (3) No. 316 charging forgery (first count) and uttering (second count), N.J.S. 2A:109-1. Represented by assigned counsel, defendant on May 10, 1962 pleaded guilty to all three indictments before County Judge William F. Wood who, on June 7 following, sentenced him to a 2-3-year term in State Prison on No. 314. Similar sentences were imposed on No. 314. There was no appeal.
Defendant was received at the State Prison from Union County on June 8, 1962. He filed an application for a writ of habeas corpus on November 1, 1962, claiming his imprisonment to be illegal because he was delivered to the State Prison the day following sentencing, in violation of N.J.S. 2A:164-18. That statute provides, in pertinent part, that "at least 48 hours, exclusive of Sundays and legal holidays, shall elapse between the time of sentence and removal to the state prison."
The county judge assigned counsel and scheduled a hearing for January 21, 1963. At that time defendant appeared personally with his attorney. The writ was denied at the *402 conclusion of the hearing; a conformable order has been entered nunc pro tunc as of that date. Defendant at once filed his notice of appeal, followed by the instant applications. In order to get directly to the merits, we overlook the fact that there was no appealable order in existence at the time the appeal was instituted.
Defendant asserts that the violation of N.J.S. 2A:164-18 worked a denial of his fundamental rights, and was in contravention of due process and the equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution. His position is necessarily predicated upon an assumption that the statute confers, or was intended to confer, rights upon him. He cites no pertinent authority for his position and we fail to find any.
The overall purpose of N.J.S. 2A:164-18 is to define the duties of the clerk of the court, the sheriff, and the keeper of the prison in the case of prison sentences. In our view, the statutory provisions are directory in nature. The failure of the sheriff to wait a full 48 hours before removing defendant to the State Prison did not provide defendant with a valid ground for attacking an otherwise lawful confinement. Were we to adopt the position he urges upon us, the result would be that a prisoner who had legally been convicted, sentenced and committed, could gain release through habeas corpus merely because of the sheriff's failure to discharge in exactly the manner set out in the statute what, at best, is a ministerial function.
To lend support to his claim of deprivation of fundamental rights, defendant says he "was not afforded ample time to arrange his business affairs, prepare for legal counsel to inaugurate an appeal, etc." His application to proceed in forma pauperis shows that he has no "business affairs": he was last employed as a salesman on a weekly salary, his income in 1962 was nil, and he would have no means of employment upon release. We find equally unpersuasive the claim that his early removal to the State Prison disabled him from prosecuting an appeal. His present application, *403 like the one we dealt with in October 1962 when he petitioned for leave to appeal as an indigent in a Hudson County criminal matter, demonstrates that the doors of our courts have always been open to him and that he has knowledgeably and with little difficulty found his way to them.
Defendant's petition and accompanying applications are denied.