79 N.J. Super. 13 (1963)
190 A.2d 199
ENRIQUE ACEVEDO CARRION, PLAINTIFF-APPELLANT,
v.
W. PINTO, PRINCIPAL KEEPER, RAHWAY STATE PRISON, RAHWAY, NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted April 5, 1963.
Decided April 11, 1963.
*14 Before Judges PRICE, SULLIVAN and LEWIS.
Mr. Enrique Acevedo Carrion, pro se.
PER CURIAM.
Plaintiff moves this court (1) for leave to appeal in forma pauperis from the denial of his application for a writ of habeas corpus; (2) for assignment of counsel to prosecute the proposed appeal; (3) for a free copy of the transcript of hearing on the application for a writ of habeas corpus. His moving papers show that he is indigent.
Plaintiff was indicted in Cumberland County on May 5, 1961, for atrocious assault and battery (first count), breaking and entering (second count) and assault with intent to rob (third count). He pleaded not guilty to all counts of the indictment on May 18, 1961, However, on September 29, 1961, he retracted his original pleas, entered pleas of guilty, and on October 20, 1961, received sentences totaling 4-6 years in State Prison. Plaintiff was represented by retained counsel at the time.
In October 1962 plaintiff filed a petition for a writ of habeas corpus with the Cumberland County Court. His petition recites that he was indicted, "convicted," and sentenced as aforesaid, and then charges that his imprisonment is illegal in the following:
"a. Petitioner was arrested on March 26, 1961, in Suffolk County, Massachusetts, for the charge of Assault & Battery.
*15 b. On April 4, 1961, petitioner appeared before the Superior Court for Criminal Business in and for the County of Suffolk, Pemberton Square, Boston, on the above mentioned charge, in which he entered a plea of not guilty.
c. On April 7, 1961, petitioner appeared again in said court for assignment of counsel, in which no trial date was set. Also on the above date petitioner was brought to the prosecutor's office where he was informed that a detainer from New Jersey was lodged against him for the aforementioned charges. He was then asked if he would go back to New Jersey on the Interstate Agreement on Detainers, and have final disposition made of same. Petitioner signed the agreement on detainers and on April 8th, 1961, was brought back to New Jersey."
The petition charged that petitioner after sentencing in New Jersey should have been immediately returned to the State of Massachusetts in accordance with the provisions of the Interstate Agreement on Detainers, N.J.S. 2A:159A-1 et seq. (L. 1958), c. 12).
A hearing was held on plaintiff's petition on November 19, 1962, at which time plaintiff appeared and testified, being represented by assigned counsel. At the conclusion of the hearing, the application for a writ of habeas corpus was denied.
Plaintiff now moves this court for the items of relief set forth at the beginning of this opinion. However, his moving papers, in addition to claiming a violation of the Interstate Agreement on Detainers as set forth in his habeas corpus petition, also charge that the State of New Jersey did "willfully kidnap petitioner" and brought him back to New Jersey "without the benefit of extradition."
Plaintiff's motion on its face, and assuming the correctness of all of its factual allegations, shows that the proposed appeal is frivolous. Plaintiff's contention that his return to New Jersey was accomplished by illegal means and in violation of proper extradition procedures cannot affect the legality of his present confinement. The New Jersey Supreme Court in Goodlet v. Goodman, 34 N.J. 358, 362 (1961), in reviewing the legality of the denial of a habeas corpus application held that:
*16 "It is not necessary to decide whether plaintiffs waived extradiction or were brought back in violation of the statutory requirement to pursue such proceedings before removing an accused from a foreign jurisdiction. The rule is firmly established that the power of a state to prosecute and convict a person for crime is not impaired by the fact that he comes within the court's jurisdiction involuntarily. Due process is satisfied if he is brought before the court to answer charges of which he is fully aware and if he is convicted fairly in accordance with constitutional procedural safeguards." (Citing cases)
Therefore plaintiff's contention on this ground is patently without merit.
Plaintiff's other argument is that his present confinement is illegal because, immediately after sentence by the New Jersey court, he should have been returned to Massachusetts in accordance with the provisions of the Interstate Agreement on Detainers.
This contention, however, is manifestly erroneous. The Interstate Agreement on Detainers is legislation adopted by the party states to expedite the disposition of criminal charges pending against a person in one state who is serving a term of imprisonment in another state. In substance it provides that where a person is serving "a term of imprisonment" under sentence in a party state, and during such term there is pending an untried criminal charge in another party state, such person shall upon his own request or upon the request of the state in which the criminal charge is pending, be brought to trial on such charge and "temporary custody" of such person shall be delivered to the state in which the criminal charges are pending. During the continuance of "temporary custody" time being served on the sentence shall continue to run, but good time shall be earned only if and to the extent that the law and practice of the jurisdiction which imposed the sentence may allow. After trial, the person is to be returned to the sending state "at the earliest practicable time."
Assuming all of the facts alleged by plaintiff to be true, this legislation has no application to plaintiff's situation. At the time he was delivered to the New Jersey authorities he was not serving "a term of imprisonment" in Massachusetts. *17 There was no request for or delivery of "temporary custody" of defendant under said Interstate Agreement.
Since the proposed appeal, on the very grounds asserted by plaintiff, is manifestly frivolous, plaintiff, despite his indigency, has no right to proceed in forma pauperis, to the assignment of counsel, or to secure a free copy of the transcript. State v. Rosenberg, 78 N.J. Super. 400 (App. Div. 1963). Indeed, were plaintiff to actually file an appeal on the same grounds asserted by him on the present motion, it would be subject to dismissal on motion of the State or by this court on its own motion. Cf. proposed Rule 2:7-2, 86 N.J.L.J. 173.
For the reasons stated, plaintiff's motion is denied in its entirety and an accordant order will be entered.