79 N.J. Super. 270 (1963)
191 A.2d 308
THE STATE OF NEW JERSEY
v.
BERNARD CHIRRA, WILLIAM MASSELLI, AND AUGUST FRANK MAZZELLA, DEFENDANTS.
Superior Court of New Jersey, Law Division (Criminal).
Decided May 15, 1963.
*271 Mr. Edwin M. Dotten, Jr., for defendant Mazzella.
Mr. George W. Wolin, for defendant Masselli.
Mr. Lester Weiner, for defendant Bernard Chirra.
Mr. H. Douglas Stine, County Prosecutor, for the State.
WEIDENBURNER, J.C.C. (temporarily assigned).
On April 7, 1958 the defendants Bernard Chirra, William Masselli and August Frank Mazzella, were indicted in this State for armed robbery, kidnapping and conspiracy to rob. At the time they were in custody in New York for offenses committed there. Detainers based on the New Jersey indictments were filed against them in New York on May 8, 1958. The defendants *272 remained in custody in New York until January 1963 when they were returned under the provisions of the Interstate Agreement on Detainers (N.J.S. 2A:159A-1 et seq.) for trial on the indictments pending in this State. They now move to dismiss the pending indictments on two grounds: (1) the State has failed to comply with the provisions of the Interstate Agreement on Detainers, and (2) they have been denied their right to a speedy trial, in violation of N.J. Const. Art. I, § 10.
Following the filing of the detainers against the defendants with the New York authorities on May 8, 1958, neither the county prosecutor nor any defendant took any action on the pending indictments or under the pertinent statute for almost two years. On January 14, 1960 the county prosecutor initiated action to secure the return of the defendants to this State for trial by obtaining an order of the Union County Court, which directed the appropriate authorities of the State of New York to deliver temporary custody of the defendants for trial on the stated indictments "in accordance with the terms and provisions of the laws of New York and New Jersey dealing with the Agreement on Detainers to which both States are parties." The affidavit of the assistant county prosecutor in support of the motion for said order recited that it was "necessary at this time to move" the indictments "for trial, inasmuch as the alleged offenses were committed on July 10, 1957 and there is a danger of the inability of the State to prove its case unless the indictments are moved immediately."
The order of the Union County Court was thereafter on January 26, 1960 forwarded to the Commissioner of Corrections of the State of New York and the wardens of the two New York prisons where the defendants were in custody, pursuant to the provisions of N.J.S. 2A:159A-4(a).
All the defendants were notified by the New York authorities of the request of this State for their custody for the purpose of trial on the pending indictments. The defendants Masselli and Mazzella each wrote to a judge of the Union County Court on February 10, 1960, requesting that the indictments *273 against them be dismissed because of the lengthy sentences already being served by them on convictions for crimes in New York. On January 31, 1960 the defendant Chirra wrote to the county prosecutor in this State acknowledging that he had been given notice of the request for his custody by this State.
The warden of the New York prison in which Masselli and Mazzella were in custody also advised the county prosecutor in this State by letter dated February 10, 1960 that those defendants would be received by the New Jersey authorities after the expiration of the 30-day waiting period required by the statute to permit a prisoner to contest his removal to the demanding State. N.J.S. 2A:159A-4(a).
During the 30 day waiting period, the judge of the Union County Court advised Masselli and Mazzella that the indictments against them could not be dismissed and "the case must go to trial." During the same period, the defendants' requests for relief from the New Jersey detainers were denied by the Governor of the State of New York. A request for the custody of the same defendants for trial on pending indictments in Bronx County, New York, was also denied by the New York prison authorities because of the pending request previously made by the county prosecutor of this State. See People v. Masselli, 234 N.Y.S.2d 929, 931-2 (App. Div. 1962).
On April 29, 1960 the county prosecutor informed the New York authorities that he would not take custody of the three defendants until the September 1960 court term because of the heavy court calendars for the balance of that court year and the imminent summer court recess. No further action was taken by the county prosecutor to obtain custody of the defendants until some 31 months later. On December 6, 1962 he instituted new proceedings under the statute which have resulted in the return of the defendants to this State and their present motions.
It should be observed that the defendants Masselli and Mazzella were unavailable during part of the period between April *274 29, 1960 and December 6, 1962. These defendants were in the custody of Bronx and Nassau Counties, New York, or awaiting transfer from one to the other for trial and other proceedings on charges in those counties, between September 1960 and March 1961, a total of some seven months. They were, however, available for approximately 24 months and the defendant Chirra was available during the entire 31-month interval between April 29, 1960, when the county prosecutor notified the New York officials he would not take custody until September 1960, and the date when new proceedings to secure the return of the defendants were commenced on December 6, 1962.
The issue confronting the court under the Interstate Agreement on Detainers is apparently one of novel impression in this State, for the court has not found any decisions by our courts interpreting the provisions of that statute since New Jersey became a party State to the Agreement on April 18, 1958, except Carrion v. Pinto, 79 N.J. Super. 13 (App. Div. 1963), which is not pertinent here.
The policy and purpose of the Interstate Agreement on Detainers is enunciated in N.J.S.A. 2A:159A-1 as follows:
"The party States find that charges outstanding against a prisoner, detainers based on untried indictments, informations or complaints, and difficulties in securing speedy trial of persons already incarcerated in other jurisdictions, produce uncertainties which obstruct programs of prisoner treatment and rehabilitation. Accordingly, it is the policy of the party States and the purpose of this agreement to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints. The party States also find that proceedings with reference to such charges and detainers, when emanating from another jurisdiction, cannot properly be had in the absence of cooperative procedures. It is the further purpose of this agreement to provide such cooperative procedures."
The statute may be activated either by the State or a prisoner. N.J.S. 2A:159-3 provides that whenever a person is imprisoned in an institution of a state which is a party to the agreement and there is pending in any other party state any *275 untried indictment, on the basis of which a detainer has been lodged against the prisoner, "he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment." (Emphasis supplied.) N.J.S. 2A:159A-4 authorizes the appropriate officer of the jurisdiction in which an untried indictment is pending against a prisoner who is serving a term of imprisonment in any other party state and against whom he has lodged a detainer, to request the temporary custody of the prisoner from the authorities of the other party state. The latter section requires that a trial of the prisoner shall be commenced within 120 days of the arrival of the prisoner in the receiving state, but for good cause shown, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.
The statute contains sanctions. N.J.S. 2A:159A-5(c) provides as follows:
"If the appropriate authority shall refuse or fail to accept temporary custody of said person, or in the event that an action on the indictment, * * * on the basis of which the detainer has been lodged is not brought to trial within the period provided in Article III [N.J.S. 2A:159A-3] or Article IV [N.J.S. 2A:159A-4] hereof, the appropriate court of the jurisdiction where the indictment, * * * has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect." (Emphasis added)
The defendants Masselli and Mazzella contend that their respective letters of February 10, 1960 to the Union County Court judge constituted the request for a final disposition of the indictments against them under N.J.S. 2A:159A-3 and that the failure of the county prosecutor to bring them to trial in this State within 180 days thereafter as required by the cited section of the statute entitles them to an order of this court dismissing the indictments under the *276 provisions of N.J.S. 2A:159A-5, supra. An examination of the letters to the Union County Court judge, however, reveals only individual pleas to have the indictments dismissed in this State because of the lengthy sentences already imposed on those defendants for other offenses in New York. They can hardly be construed as the request "for a final disposition to be made of the indictment" contemplated by N.J.S. 2A:159A-3. The disposition this court makes of these motions, however, renders it unnecessary to decide that question.
The State admits that it invoked the provisions of N.J.S. 2A:159A-4 on January 14, 1960, but argues that the defendants were never returned to this State until they were received here as a result of the second proceeding commenced on December 6, 1962. Hence, it is contended, the 120-day period within which the defendants must be brought to trial under the provisions of N.J.S. 2A:159A-4 did not begin to run until the defendants were received in this State early this year, and the State now stands ready to bring them to trial within that period. This argument is without merit when evaluated in the light of the facts found here and what this court regards as the proper construction of the statute.
All of the defendants were available for transfer to this State after the expiration of the 30-day waiting period on or about March 10, 1960, until the New York authorities were informed by the county prosecutor's letter of April 29, 1960 that he did not intend to take custody of the prisoners until the September 1960 court term. Prior to that communication by the county prosecutor, the defendants Masselli and Mazzella were being held exclusively for transfer to this State. The New York authorities had refused to comply with a request from the Bronx County, New York officials for custody of those prisoners until the disposition of the New Jersey charges. People v. Masselli, supra, at pp. 931-2 of 234 N.Y.S.2d.
The State argues that it should not "be penalized for that summer period from June to September each year when it cannot try criminal cases," and suggests that if it accepted *277 custody of a defendant immediately prior to the summer court recess, it "would probably be faced with a September or October deadline in addition to all of the other court matters which are urgent." This argument is not persuasive. Delay cannot be justified by the pressure of heavy court calendars, State v. Appice, 23 N.J. Super. 522, 530 (App. Div. 1952), but, in the absence of other overriding considerations of prejudice to the prisoner, it is believed that our courts would undoubtedly give serious consideration to an application for a continuance over a period when juries are not available.
Subsequent to April 29, 1960 the defendant Chirra continued to be available for transfer to New Jersey and trial at all times, and the defendants Masselli and Mazzella were always available for the same purposes after March 1961.
The 120-day period limited by the statute does not begin to run until "the arrival of the prisoner in the receiving State." N.J.S. 2A:159A-4(c). Yet the statute, as this court construes it, requires greater sedulity and expeditious action on the part of law enforcement officials, when the provisions of the cited section of the statute are invoked by them, than the facts in the instant case disclose.
The courts are required to construe the statute liberally "so as to effectuate its purposes." N.J.S. 2A:159A-9. There is no difficulty here in ascertaining the purposes of the statute or the mischief it was intended to eliminate. The Legislature has stated both in clear and unambiguous language, but, in addition, we must read all parts of the statute so that they are in alignment with the intent of the entire act. Seatrain Lines, Inc. v. Medina, 39 N.J. 222, 226-7 (1963). In that case our Supreme Court, quoting the rule of statutory construction set forth in Febbi v. Board of Review, Division of Employment Security, 35 N.J. 601, 606 (1961), said:
"It is a cardinal rule of statutory construction that the intention of the Legislature is to be derived from a view of the entire statute and that all sections must be read together in the light of the general intent of the act so that the auxiliary effect of each individual part of a section is made consistent with the whole."
*278 Construed accordingly, the statute impels the determination that when the prosecuting officials of a party state request temporary custody of a prisoner in another party state for trial, they must continue their effort to obtain delivery of the prisoner from the other state with all reasonable diligence and dispatch. If the prisoner is available for transfer, his custody must be accepted by such prosecuting officials. The fact that the Legislature provided for the tolling of the time periods within which prisoners must be brought to trial whenever they are "unable to stand trial" (N.J.S. 2A:159A-6(a)) and a method for extending the time within which a prisoner who has been returned to a party state at the request of the prosecuting officials (N.J.S. 2A:159A-4), must be brought to trial are indicative of a legislative intent that prisoners should be transferred to the state requesting custody with all reasonable dispatch. Respect for the purpose of the statute requires that the adverse consequences of any failure or refusal so to act be visited upon the prosecution and not the prisoner. People v. Esposito, 201 N.Y.S.2d 83 (Cty. Ct. 1960).
If for any reason trial cannot be commenced within the period limited by the statute after the arrival of the prisoner in the receiving state, the prosecuting officials "for good cause shown in open court, the prisoner or his counsel being present," may obtain "any necessary or reasonable continuance." N.J.S. 2A:159A-4(c). To construe the statute otherwise would place the determination of good cause for delay exclusively in the hands of the prosecuting officials of the state requesting custody of the prisoner. The fact that the statute requires judicial approval of delay of the trial, in the presence of the prisoner or his counsel, precludes an interpretation of the statute granting such discretionary power to the prosecuting officials. "To hold otherwise could well render the statute ineffectual and defeat the salutary purpose the legislature sought to effect." People v. Masselli, supra, at p. 933 of 234 N.Y.S.2d.
*279 It may be noted, although it was not controlling in the disposition of these motions, that during the period in question two of the defendants, according to their uncontradicted affidavits, have been prejudiced by the death of several alibi witnesses.
The failure of the officials of this State to make any effort to obtain the custody of the defendants, pursuant to their original requests, between September 1960 and December 6, 1962, making allowance for the fact that the defendants Masselli and Mazzella were not available for approximately seven months during that period, constitutes such a refusal or failure "to accept temporary custody" of said prisoners as requires a dismissal of the pending indictments with prejudice. N.J.S. 2A:159A-5(c).
The foregoing disposition of the motions makes it unnecessary for the court to consider the second ground of the motions made by defendants.
An order dismissing the indictments with prejudice in accordance with the foregoing opinion, consented to as to form by the county prosecutor, should be prepared and submitted by counsel for the defendants.