90 N.J. Super. 38 (1966)
216 A.2d 26
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRANCIS G. BAKER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 3, 1966.
Decided January 6, 1966.
*39 Before Judges GOLDMANN, FOLEY and COLLESTER.
Mr. A. Leon Kohlreiter, assigned counsel, appeared for appellant (Mr. Heyman Zimel, on the brief).
Mr. Archibald Kreiger, Assistant Prosecutor, appeared for respondent (Mr. John G. Thevos, Prosecutor, attorney).
PER CURIAM.
Defendant was charged with breaking and entering (N.J.S. 2A:94-1) and larceny (N.J.S. 2A:119-2), tried to a jury, found guilty and sentenced. He appeals. The judgment of conviction is affirmed.
Defendant claims error in the charge on the subject of his prior convictions. The court instructed the jury:
"The defendant has offered himself as a witness and has testified in his own defense. He has admitted prior convictions of crime. This evidence has been offered and received merely for the purpose of affecting his credibility as a witness. You must consider such prior convictions for the sole purpose of determining his credibility as a witness and for no other purpose whatsoever. Only after doing so and determining whether and to what extent, if any, these convictions do affect his credibility may you give credibility to his testimony."
Defendant now claims that the last sentence of this charge was prejudicial. Since trial counsel voiced no objection to the *40 charge as given, defendant's present contention is projected as plain error.
The last sentence appears to have been taken from our opinion in State v. McNair, 59 N.J. Super. 453, 458-459 (1960). We consider that part of the opinion as an inaccurate statement of applicable law. It should not have been included in the charge; instead, the trial judge could have told the jury that "Having done so, you may or may not conclude that his credibility was affected thereby."
However, we conclude that there was no plain error, in light of the entire case. Defendant was caught red-handed by a police officer while coming out of a luncheonette, to which he had gained access by breaking through the glass in the front door and then rifling the cash register of $20.35 in coins. He later confessed to the crime but refused to give a written statement. Defendant was clearly guilty, and if the language of the criticized sentence was ill chosen, we nonetheless do not perceive plain error which affected defendant's substantial rights.
Defendant next claims error in the charge with reference to his alleged oral confession because the jury should first have been instructed to decide whether he had, in fact, made such a confession. The judge clearly charged the jury on the issue of the voluntariness of the oral confession which had been testified to by the detectives. State v. Von Atzinger, 81 N.J. Super. 509, 514-515 (App. Div. 1963); State v. Wolf, 44 N.J. 176, 193-194 (1965). Defendant did not object to any testimony regarding the oral confession. Instead, he denied the confession when he later took the stand. The trial judge did not tell the jury that the confession was in fact made, or that defendant denied making it. That dispute was one of fact for the jury to determine among other factual conflicts, and the court gave adequate instructions as to the jury's function in that regard. We consider the matter to have been fully covered in the general instructions, so that looking at the charge as a whole, it is clear that the disputed fact *41 question of whether the confession was made was never taken from the jury.
Defendant attacks the trial court's reference to his refusal to give a written statement after allegedly having made an oral confession. He admits the instruction to have been a true statement of the law but claims it was prejudicial in the context of the case. We have re-examined the record and the charge and do not agree.
Defendant next claims that the verdict was against the weight of the evidence and must be set aside because of mistake on the jury's part. We find the point without merit, for the record establishes that defendant's guilt was proved beyond question.
Finally, defendant claims that the oral confession was inadmissible under Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). He concedes that State v. Daley, 45 N.J. 68, 73-74 (1965), is against him. And see State v. Ordog, 45 N.J. 347, 362 (1965).
The judgment of conviction is affirmed.