121 N.J. Super. 64 (1972)
296 A.2d 79
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT DRAUGHN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 31, 1972.
Decided February 10, 1972.
*65 Before Judges SULLIVAN, LEONARD and CARTON.
Mr. Edward Weisslitz, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. David Noah Dubrow, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney; Mr. Nicholas Turco, Assistant Prosecutor, on the brief).
PER CURIAM.
Defendant and a co-defendant were tried by a jury and convicted of robbery. Defendant was sentenced to an indeterminate term at the Youth Correction and Reception Center at Yardville.
Defendant appeals. He first contends that it was prejudicial error for the trial court to have admitted into evidence the police officers' testimony concerning Mrs. Gary's (the victim) pretrial identifications, since she could not identify defendant in court, and therefore the evidence could not be justified as corroboration. Alternatively, he asserts that even if the prior identifications were properly admitted into evidence, in the instant case, in the absence *66 of an in-court identification, such evidence is insufficient to support a verdict of guilt, and therefore defendant's motion for a judgment of acquittal should have been granted. Neither contention has merit. Evidence of an extra-judicial identification is admissible not only to corroborate an identification made at the trial but also as independent evidence of identity where there is no trial identification. People v. Gould, 54 Cal.2d 621, 7 Cal. Rptr. 273, 354 P.2d 865, 867 (Cal. Sup. Ct. 1960). Evidence Rule 63(1) (c) does not require as a condition precedent to the admissibility of such evidence that there first be an in-court identification by the declarant; it only mandates that he be a witness at the trial and available for cross-examination. See 1963 Report of New Jersey Supreme Court Committee on Evidence at p. 136. See also State v. Buffa, 31 N.J. 378, 380 (1960), cert. den. 364 U.S. 916, 81 S.Ct. 279, 5 L.Ed.2d 228 (1960).
It is to be noted that the victim, immediately following the crime, gave the police an accurate description of defendant and his accomplice and of the clothes they were wearing. She also made three positive identifications of both  on the street after their apprehension, in the police station and at the voir dire hearing bfore the court. It was only during the actual trial that this 70-year-old victim became confused. She was able to identify the accomplice but unable to pick out defendant, who, incidentally, had moved from the audience section of the courtroom, where he had been sitting during the voir dire.
As to the alternative argument, there is other ample evidence present in the record, in addition to the identification testimony, which incriminates defendant and connects him with the crime. He and the co-defendant, who was identified in court, were apprehended together shortly after the event in the immediate vicinity thereof.
Defendant further urges that: (1) the State failed to establish a prima facie case of robbery as to him; (2) it was patently prejudicial to permit the State to cross-examine defendant as to his impecuniosity; (3) the trial judge erroneously *67 charged the jury as to the law of aiding and abetting by including therein a reference to "an accessory after the fact" (raised as plain error) and (4) it was prejudicial error for the court to instruct the jury with regard to defendant's flight. We conclude that all these arguments are without substance and that defendant was not prejudiced thereby.
Affirmed.