169 N.J. Super. 115 (1979)
404 A.2d 340
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAMES REDDICK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 4, 1978.
Decided June 15, 1979.
*117 Before Judges CONFORD, PRESSLER and KING.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Arnold I. Budin, designated counsel, of counsel and on the brief).
Mr. John J. Degnan, Attorney General of New Jersey, attorney for respondent (Mr. Albert G. Fredericks, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by PRESSLER, J.A.D.
This appeal raises the problem of the so-called recanting witness. The precise question before us is indistinguishable from that addressed by the Supreme Court in State v. Ross, 80 N.J. 239 (1979) (decided June 4, 1979), namely, whether the trial judge, by calling such a witness as his own on the State's case can relieve the prosecution of the burden of Evid. R. 20 and Evid. R. 63(1)(a)[1] *118 and thereby transform the witness' prior inconsistent and inculpatory statement from a neutralization device alone into substantive evidence of the defendant's guilt. Ross holds that he may not since such a technique constitutes an impermissible circumvention of the expressed intent of our evidence rules and the underlying policies upon which they are based, as well as an unwarranted assault on the integrity of the criminal trial process.
Our review of this record persuades us that the conviction here appealed from rested exclusively on the type of evidence now interdicted by Ross. Defendant James Reddick was tried by a jury and convicted, together with three codefendants, of multiple charges arising out of the armed robbery of a neighborhood grocery store in Jersey City on November 21, 1975. The State's case against the three codefendants was based on their actual armed entry into the store and commission of the robbery. The case against Reddick was predicated on the allegation that he was the driver of the getaway car parked near the store during the robbery. The sole occupant of the store when the three armed men entered was its owner, Alberta Wheeler. While the robbery was in progress, a customer entered, Glen Harris, a young man who lived across the street and was performing a shopping errand for his mother. After the intruders had taken the cash in the register and the money Harris had on his person, they fled from the store, entered a car parked at the curb and were driven away from the scene. Neither Wheeler nor *119 Harris was harmed. Two of the intruders were previously known to Wheeler and she was able to make positive out-of-court identifications of all three. The investigative problem of the police was to ascertain the identity of the fourth man, the driver of the getaway car. The only potential eye witness who might have been able to make such an identification proved to be Harris, who apparently had told the police that he had noticed the getaway car on his way to the store.
Four days after the robbery Wheeler and Harris were taken to the Jersey City police identification center where they were given photographs to view by an Officer Jackson, who was conducting the photographic identification procedure. Harris was encouraged to make an identification, if he could, of the driver of the getaway car. According to Jackson, Harris identified a photograph of defendant as the driver. According to Harris, he did not make that identification and, in any event, his glimpse of the car was too brief and the street lighting too poor to have enabled him to make any identification at all.
This testimonial dispute between Harris and Jackson was first developed during their respective voir dire examinations conducted at the prosecutor's request. The prosecutor was aware before trial that Harris would testify that he had not identified defendant and was unable to make an identification.[2] Harris' alleged out-of-court identification, however, was the only available evidence linking Reddick with the crime. It was essential, therefore, to the State's case that Jackson's testimony regarding the alleged Harris identification be admitted as substantive evidence. Thus the prosecutor's dilemma, the same as in Ross, was that while a witness' prior inconsistent statement is, by reason of Evid R. 63(1) (a), ordinarily excepted from the category of inadmissible hearsay, nevertheless, Evid. R. 20, expressly incorporated therein, *120 precludes a party from making any use of his own witness' prior inconsistent statement other than for neutralization purposes. The prosecutor, as in Ross, sought to resolve this dilemma by requesting the trial judge to call Harris as a court's witness. The rationale was that if Harris were not a State's witness, the State could avoid the Rule 20 stricture regarding his prior inconsistent statement and thus use Jackson's testimony regarding Harris' alleged prior inconsistent statement as substantive evidence. The trial judge acceded to this request, the two witnesses were called  Harris by the court and Jackson by the prosecutor  and each testified essentially in the same manner as he had on voir dire. Reddick's conviction thus rested exclusively on Jackson's testimony that Harris, the court's witness, had told him that he recognized Reddick's photograph as depicting the man sitting in the getaway car during the robbery. Clearly, the conviction must, under Ross, be reversed.
Although not raised below, the State argues on appeal that Jackson's testimony regarding the alleged Harris identification was admissible pursuant to Evid. R. 63(1)(c) even if not pursuant to Evid R. 63(1) (a). The former, not expressly subject to Evid R. 20, provides that a prior extra-judicial statement of a witness is admissible if it "is a prior identification of a party where identity is in issue, if made under circumstances precluding unfairness or unreliability." We are constrained, however, to reject the State's argument. First, there was no preliminary finding below that the alleged identification was made under circumstances precluding unfairness or unreliability and we are not satisfied that the facts here are either so undisputable or unequivocal as to warrant us in making that finding ourselves by an exercise of original jurisdiction. The State's reliance on subsection (c) of the rule does not, moreover, avoid the prejudice inherent in Harris having been called as a court's witness in the first instance.
Most significantly, however, paragraph (c) of Evid. R. 63(1) has never been held to apply to an identification which *121 in context actually constitutes a prior inconsistent statement within the intendment of paragraph (a). We are firmly of the view that that provision was not intended and is not construable as an exception to paragraph (a) but rather applies only to those hearsay identification statements which are not also within the category of prior inconsistent statements encompassed by paragraph (a). See State v. Matlack, 49 N.J. 491, 498-499 (1967), cert. den. 389 U.S. 1009, 88 S.Ct. 572, 19 L.Ed.2d 606 (1967), holding that a trial witness may testify as to a previous out-of-court identification to corroborate an in-court identification, and State v. Draughn, 121 N.J. Super. 64 (App. Div. 1972), aff'd o.b. 61 N.J. 515 (1972), holding admissible evidence of the out-of-court identification by the victim of the crime who, although unable to make an in-court identification, did not dispute having made the earlier out-of-court one. Evid. R. 63(1) (a) rests upon strong policy reasons for refusing to accord substantive evidential status to the prior oral inconsistent statement of a declarant who at trial denies having made it.[3] In our view those reasons compel the conclusion that paragraph (c) does not extend to statements whose admissibility is proscribed by paragraph (a) and may not be resorted to as a vehicle for circumventing its prohibitions.
Reversed.
NOTES
[1] Evid. R. 20 provides that

Except as otherwise provided by Rules 22 and 47, for the purpose of impairing or supporting the credibility of a witness, any party including the party calling him may examine him and introduce extrinsic evidence relevant upon the issue of credibility, except that the party calling a witness may not neutralize his testimony by a prior contradictory statement unless the judge finds he was surprised. No evidence to support the credibility of a witness shall be admitted except to meet a charge of recent fabrication of testimony. [Emphasis supplied]
Evid. R. 63(1) (a) provides that:
A statement is admissible if previously made by a person who is a witness at a hearing, provided it would have been admissible if made by him while testifying and the statement:
(a) Is inconsistent with his testimony at the hearing and is offered in compliance with the requirements of Rule 22(a) and (b), except that such a statement may be admitted if offered by the party calling the witness only as permitted by Rule 20; * * * [Emphasis supplied]
[2] The third voir dire witness was a prosecutor's staff investigator who had interviewed Harris several days before trial, eliciting from him both these same denials and asserted lack of knowledge.
[3] See e.g., State v. Saporen, 205 Minn. 358, 362, 285 N.W. 898, 901 (Sup. Ct. 1939); Goings v. United States, 377 F.2d 753, 762, fns. 12, 13 (8 Cir.1967); United States v. Cunningham, 446 F.2d 194, 200 (2 Cir.1971) (Oakes, J., concurring in part and dissenting in part), cert. den. 404 U.S. 950, 92 S.Ct. 302, 30 L.Ed.2d 266 (1971); United States v. Ragghianti, 560 F.2d 1376, 1380-1381 (9 Cir.1977); Graham, "Employing Inconsistent Statements for Impeachment and as Substantive Evidence," 95 Mich. L. Rev. 1565, 1573 (1977). And see Fed. Rule 801(d) (1) (A) and legislative history thereto in 28 U.S.C.A., Federal Rules of Evidence, Historical Note to Rule 801 at 525-531.