Chief Judge Desmond.
The People appeal from a unanimous reversal of a conviction and dismissal of the indictment as to both defendants, on the law. Defendants’ appeal to the Appellate Division had properly raised the question as to whether they are entitled to a dismissal without trial because of refusal to give them a prompt trial (People v. Chirieleison, 3 NY2d 170).
In March, 1960 while both defendants were serving sentences in Clinton Prison for a different crime their previous conviction on the same indictment here involved was reversed by the Appellate Division and a new trial ordered. Thereupon each (Masselli in writing and Mazzella orally) requested the Warden, pursuant to section 669-a of the Code of Criminal Procedure, to send on to the District Attorney (Bronx) the requests of the two prisoners that the case be brought on for trial within 180 days as prescribed by section 669-a. The Warden (through his chief clerk) declined to do so, stating that the indictment could not be dealt with until a “ New Jersey warrant ” against the two had been disposed of. Thus, the prison authorities refused not only to send on the prisoners ’ requests, but refused to make out and deliver to the District Attorney the certificate which under the statute must accompany this request to the District Attorney.
The indictment was filed in September, 1957. Defendants were convicted (first time) in December, 1958. Those convictions were reversed in March, 1960. Defendants’ requests above referred to were made in March, 1960 shortly after the reversals. Defendants were not brought to trial again until 10 months later, in January, 1961.
*4 The unanimous Appellate Division held that since the prisoners had done all that they were required to do in the matter the courts were bound to apply subdivision 2 of section 669-a which says that if the action is not brought to trial within 180 days after request no court shall any longer have jurisdiction thereof, the untried indictment shall be of no further force or effect, and it shall be dismissed with prejudice.
Section 669-a was enacted in 1957 after and as a result of People v. Prosser (309 N. Y. 353) which interpreted section 668 of the Code of Criminal Procedure as meaning that even without affirmative action on the part of the prisoner an indictment must be dismissed unless promptly brought to trial (see, also, People v. Wilson, 8 N Y 2d 391). Our Prosser decision made it clear that a defendant is entitled to a speedy trial even though detained in prison on another charge. Section 669-a set up a detailed procedure under which a prisoner can demand such a trial and the trial must be had within 180 days after his demand. The section specifies that the prisoner’s request, while addressed to the District Attorney, is to be sent to the latter through the Correction Department which “shall promptly forward it” together with the certificate of the Commissioner of Correction “ stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the board of parole relating to the prisoner.” We agree with the Appellate Division that this statute would lose all effect if the Commissioner of Correction could refuse to issue the necessary certificate and refuse to send the request and certificate to the District Attorney. The District Attorney argues that the fault or neglect of the Correction Department officials should not be charged to the prosecution. However, since the District Attorney and the Commissioner of Correction are both agents of the State in the criminal law enforcement field, it is inappropriate that the default of either or both of them be charged to the prisoner who is helpless in the matter.
The District Attorney’s argument is based in main part on an assertion, contrary to the Appellate Division’s express finding, that the prisoners did not in fact make these demands or requests. Among the appeal papers there is an affidavit by *5 Masselli that he made a written request to the chief clerk of the prison under section 669-a and a letter or note from the chief clerk of the prison to Masselli advising ‘ ‘ that no action can be taken toward the disposition of any additional warrants on file against you until the matter of your New Jersey warrant is disposed of”. Submitted to us is an affidavit by the other defendant (Mazzella) that during March, 1960 he informed the same chief clerk that his conviction had been reversed and a new trial ordered by the Appellate Division but that the chief clerk told Mazzella that no request under section 669-a would be submitted to the District Attorney until a certain New Jersey warrant had been disposed of. It must be emphasized that, when the motion for dismissal was heard before the County Judge and he refused to dismiss the indictment on the ground now urged, there was no denial of these allegations or, indeed, any opposing affidavit by the Warden or anybody in the Department of Correction. The opinion of the County Judge does not contain an express finding that these requests were made by Masselli and Mazzella. The Judge apparently assumed that they were made but he held on the law that section 669-a does not become operative until a prisoner’s request is actually received by the District Attorney. Any question of fact in this respect was set at rest by the Appellate Division which made an express finding that these section 669-a requests were made by both prisoners but that the chief clerk advised them that he would do nothing as to them until the New Jersey case should be out of the way.
At various points in their brief the People are now asserting that the records in the possession of the Correction Department fail to show any demand by these prisoners. The only demand it knows of, says the Correction Department, is one signed by Masselli addressed to the Bronx County District Attorney which requested that there be a final disposition of two traffic charges pending against him in the City Magistrates’ Court. This document was not before the County Court or the Appellate Division on the motion to dismiss the indictment but was produced after the Appellate Division had reversed and in connection with a motion to the Appellate Division for reargument which was denied. In other words, this document was produced for the first time after the Appellate Division’s reversal in *6 December, 1962 whereas the motion to dismiss the indictment had been heard in County Court in 1961.
Section 669-a imposes no intolerable burden on the State and we see no reason why it should not be enforced. Indeed, it increases the burden on the prisoner since it requires him to go forward with a demand for a prompt trial whereas under People v. Prosser (309 N. Y. 353, supra) there was no obligation on the prisoner to demand a speedy trial but a duty on the prosecution to bring him to trial promptly even though he was in prison and made no demand. Section 669-a makes due provision for an extension of the 180-day period and for “ any necessary or reasonable continuance * * * for good cause shown ”. Thus, the not ungenerous allowance to the prosecutor of 180 days after the prisoner’s demand may be further extended for cause. The provision requiring the Correction Department to send a certificate was, apparently, inserted so that the District Attorney and the court might know how soon the defendant would ordinarily be released from prison.
There really is one question only here: whether failure ox-refusal by the Commissioner of Correction ox- his agent .to comply with the statute, after the prisoner has complied, somehow defeats the defendant’s right to a prompt trial or dismissal. The answer to such a question must be the negative one given by the Appellate Division.
The orders should be affirmed.
Judges Dye, Fuld, Van Voorhis, Buriie, Foster and Scileppi concur.
Orders affirmed.