430 P.2d 422

STATE of Arizona, Appellee,
v.
Cornelio ENRIQUEZ, Appellant.
No. 1765.

Supreme Court of Arizona.
In Banc.
July 18, 1967.

Darrell F. Smith, Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Murray Miller, Phoenix, for appellant.

LOCKWOOD, Justice:

On January 27, 1966 a complaint was filed against the defendant and one Florencio Ramirez charging them with two counts of robbery and one count of wearing a mask for the purpose of preventing detection during the commission of a public offense. The acts complained of were alleged to have occurred on July 15, 1965. On January 27, 1966 a warrant was issued for the arrest of the defendant. On January 31 the defendant appeared in justice court with counsel. Defendant was admitted to bail, and the preliminary examination was set for March 21. A number of continuances followed, over the objection of defendant's attorney, and the preliminary examination was held on May 31, 1966. On that date the justice of the peace bound the defendant over to the superior court for trial.

On June 13 an information was filed charging the two counts of robbery and one count of wearing a mask for the purpose of preventing detection during the commission of a public offense. Defendant was arraigned on June 21, and pleaded not guilty.

On August 12 the defendant moved to have the case dismissed for failure of the State to accord him a speedy trial. The motion dealt exclusively with the time elapsed between the arrest of the defendant and the date he was bound over by the justice of the peace for trial. There is no question presented by the motion of any violation of the time requirements or the constitutional speedy trial guarantees from the time of the binding over for trial until the actual commencement of the trial. The motion to dismiss was denied. Defendant was found guilty on all three counts, and was sentenced for a term of ten to twenty years on each of counts one and two and two to three years on count three, the sentences to run concurrently. From the judgment of conviction the defendant appeals.

The defendant alleges: (1) that the prosecution committed reversible error by alluding to the defendant's prior bad acts at the trial, and (2) that he was denied a speedy trial in violation of constitutional guarantees. We shall consider the second claim first.

■ The defendant contends that he was denied a speedy trial in violation of constitutional guarantees. The motion to dismiss the case on the grounds of a denial of a speedy trial was addressed only to the time elapsed between the defendant's arrest and the time that he was bound over to the superior court for trial. We have stated, "The rule is firmly etablished that the protection afforded by Art. 2, § 24 of the Arizona Constitution and by the Sixth Amendment right under the United States Constitution to a speedy trial, has no application until after a prosecution is commenced or an accused is held to answer." State v. Burrell, 102 Ariz. 136, 426 P.2d 633 (1967); State v. Maldonado, 92 Ariz. 70, 373 P.2d 583 (1962). Although the justice of the peace was in violation of Rule 20, Rules of Criminal Procedure, 17 A.R.S., defendant was at liberty on bond during the interval between his arrest and the preliminary hearing, and there has been no showing that prejudice has resulted to the defendant from the delays.

■ During the trial the defendant took the stand in his own defense. On cross examination the deputy county attorney asked the following questions and elicited the following answers:

"Q. You say you have never worn a mask before, Mr. Enriquez?

"A. No.

"Q. Did you ever wear one out in Scottsdale?

"A. No.

"Q. You have never worn one out there?

"A. No."

Defense counsel immediately objected and moved for a mistrial on the basis that the questions implied to the jury that the defendant had committed a prior crime or bad act or may have been guilty or accused of another robbery in Scottsdale. (The situs of the offenses charged was in Tolleson). Whereupon the deputy county attorney stated: "I feel I have a right to impeach him, [defendant] that he has worn a mask when he committed the robbery in Scottsdale, and I will present the witnesses to testify." The court thereupon denied the motion of defendant's counsel for a mistrial. However, the State failed in any way to offer any witnesses or tesimony to impeach the defendant's denial that he had worn a mask before or in Scottsdale.

We are of the opinion that this was serious misconduct on the part of the prosecution, and highly prejudicial to the defendant. The question seems to fall squarely within the principles announced in State v. Singleton, 66 Ariz. 49, 182 P.2d 920 (1947). In the Singleton case the defendant was charged with three counts of murder and one count of assault with intent to commit murder. He was convicted of second degree murder and manslaughter. During the course of the trial, after the defendant had taken the stand to testify as to the details surrounding the crimes of which he was accused, the special prosecutor asked him a number of questions implying that he had quarreled with and threatened several persons not connected with the incidents involved in the crimes with which he was accused. The defendant denied categorically that he had made such threats. The state did not offer to nor introduce any evidence tending to impeach his denial of making these threats. This court held that such questioning was improper and highly prejudicial, and stated:

"But when, as here, such questioning is raised and then dropped with no further attempt on the part of the State to prove its point, the aforementioned 'fishing expedition' having failed, we believe it to be wholly improper and highly prejudicial. To allow this sort of examination would be to allow the imaginative and overzealous prosecutor to concoct a damaging line of examination which could leave with the jury the impression that defendant was anything that the questions, by innuendo, seemed to suggest. If the questions were per-

sistent enough and cleverly enough framed, no amount of denial on the part of a defendant would be able to erase the impression in the mind of the jury that the prosecutor actually had such facts at hand and that probably there was some truth to the insinuations."

\* \* \* \* \* \*

"In Hash v. State, 48 Ariz. 43, 59 P.2d 305; Britt v. State, 25 Ariz. 419, 218 P. 981; Taylor v. State, 55 Ariz. 29, 97 P.2d 927; Walker v. State, 23 Ariz. 59, 201 P. 398; and State v. Byrd, [62 Ariz. 24, 152 P.2d 669] supra; our court has laid down the rule that no prosecuting officer, in order to impeach a witness, can engage in such questioning without being prepared and able to prove the insinuations." 66 Ariz. 49, 65, 66, 182 P.2d 920, 930. See also State v. Stago, 82 Ariz. 285, 312 P.2d 160 (1957).

The county attorney did not prove or offer to prove a prior conviction, and his questions were highly prejudicial as they could have left in the minds of the jury an implication that the defendant had worn a mask and had committed another robbery in Scottsdale, without any opportunity of the defendant to refute such an insinuation.

It is well settled that a defendant may be impeached on cross examination by showing he has been convicted of a felony, but not by showing bad acts in general. State v. Reyes, 99 Ariz. 257, 408 P.2d 400 (1965); State v. Loftis, 89 Ariz. 403, 363 P.2d 585 (1961).

Judgment reversed.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER, and UDALL, JJ., concur.