453 P.2d 158

The STATE of Utah, Plaintiff and Respondent,

v.

Grover Edward WILSON, Defendant and Appellant.

No. 10995.

Supreme Court of Utah.

April 3, 1969.

Jay V. Barney, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., Joseph P. McCarthy, Lauren N. Beasley, Asst. Attys. Gen., Salt Lake City, for respondent.

**362**

TUCKETT, Justice:

The appellant, Grover Edward Wilson, moved the court below for an order dismissing the information pursuant to the provisions of Sec. 77–65–1, U.C.A.1953. From an adverse ruling the defendant appealed to this court.

In January 1967, the defendant was incarcerated in the Utah State Prison serving a sentence of five years to life for the crime of robbery. On January 27, 1967, a complaint was filed against Mr. Wilson charging him with the crime of forgery. On February 27, 1967, the defendant filed with an authorized agent of the Utah State Prison a request for final disposition of the charge of forgery. Thereafter the defendant waived a preliminary hearing and was bound over to the district court for trial. On April 10, 1967, the defendant was arraigned in the district court and entered a plea of not guilty, and the case was set for trial on June 6, 1967. At the time of the arraignment and the trial setting the defendant made no comment and the only statement of defense counsel was to the effect that he was available to try the case on that day.

On June 6, 1967, when the case was called for trial, the defendant moved for a dismissal on the ground that the case had not been brought on for trial within the 90 days as provided for by Sec. 77–65–1, U.C. A.1953. The court denied the defendant's motion and he thereafter entered a plea of

guilty. It would appear from the record that the court below was of the opinion that the defendant, not having made an objection to the trial setting, and not having requested a trial date within the 90-day period, could not contend that the court had lost jurisdiction.

Article I, Section 12, of the Utah Constitution, provides that an accused in a criminal prosecution shall have the right to a speedy public trial by an impartial jury. In 1965, the legislature in implementing that provision of the Constitution adopted Chapter 65 of Title 77, which is entitled "Disposition Of Detainers Against Prisoners." Section 1(a) of that chapter provides:

Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of this state, and whenever during the continuance of the term of imprisonment there is pending in this state any untried indictment, information or complaint against the prisoner, he shall be brought to trial within ninety days after he shall have caused to be delivered to the county attorney of the county in which the indictment, information or complaint is pending and the appropriate court written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: provided, that for a good cause shown in open court, the prisoner or his

counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. * *

Section 1(b) provides that the written notice and request for final disposition may be delivered to the warden, sheriff or other official having custody of him. Section 77–65–2 provides:

> In the event that the action is not brought to trial within the period of time as herein provided, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

■ Statutes similar to the one above mentioned have been adopted by a number of other states of the union, and the courts of other states have been called upon to construe those statutes. It would appear that the purpose of the statutes is to carry into effect the constitutional guarantee of a speedy trial and to more precisely define what is meant by "speedy trial" as that term is used in the constitutions of the various states.[1] It is apparent that the intent of the legislature was to prevent those charged with enforcement of criminal statutes from holding over the head of a prisoner undisposed of charges against him.

It would appear that the statute was intended to provide for the trial of charges against an accused while witnesses are available and their memories fresh.

■ The legislature has expressed its intent in simple and concise language which needs no construction by the court. The case before us clearly falls within the provisions of the statutes above referred to and we need only comment about one aspect of the case. We are of the opinion that the defendant by remaining silent or by failing to request an earlier setting did not lose the protection of the statute. It is apparent that the legislature intended to place the burden of complying with the statute upon the prosecutor. The State's attorney, within the 90-day period, for good cause could have moved for a continuance beyond the period proscribed.

It appears that the court no longer has jurisdiction of the charge made against the defendant and the same should be dismissed with prejudice. It is so ordered.

CALLISTER and ELLETT, JJ., concur.

CROCKETT, Chief Justice (dissenting).

The purpose of the statute of concern here, Sec. 77–65–1(a), U.C.A.1953, is to give the defendant a trial with reasonable expedition when he desires and requests it.

1. People v. Masselli, 13 N.Y.2d 1, 240 N. Y.S.2d 976, 191 N.E.2d 457; State v. Mason, 90 N.J.Super. 464, 218 A.2d 158; State v. Goetz, 187 Kan. 117, 353 P.2d 816; State v. Chirra, 79 N.J.Super. 270, 191 A.2d 308.

That is salutary and I have no disagreement with it. But the statute was not intended and should not be used as a device of trickery to defeat justice. It is my impression that that is what has resulted here.

Defendant's position is that under the circumstances, after the 90-day period had elapsed following his demand, the court was without jurisdiction to proceed further, and that it was mandatory that the case be dismissed. The statute itself clearly indicates that it was not intended to be so absolute and mandatory as defendant contends. The language immediately following the assurance of trial within 90 days continues, "provided, that *for a good cause shown in open court, the prisoner or his counsel being present, the court* having jurisdiction of the matter *may grant any necessary or reasonable continuance."* (Emphasis added.)

It is thus obvious that the trial court has power to extend the period in proper circumstances. Those proper circumstances existed here. The following facts are significant: the record indicates and defendant's counsel freely admits that at the time of the hearing on April 10, when the trial date of June 6 was set, he knew each of these facts: that the demand had been filed asking for a trial within 90 days; that the court calendar was full up until June 6; that the June 6 date would be a few days beyond the 90-day period; and that the court made its order upon the assumption that the June 6 date was satisfactory to both parties. In regard to the setting of a trial date the following exchange took place:

> PROSECUTOR: May we have the second place setting on June the 6th?
>
> DEFENDANT'S COUNSEL: I show that date open.
>
> \*    \*    \*    \*    \*    \*
>
> THE COURT: All right, we'll set it up for number two on June the 6th.

I think the only fair and reasonable conclusion to be drawn from the defendant's response to the request for the June 6 trial date is that he agreed to it. In any event, if we assume that the defendant and counsel sat silently by, with a secret mental reservation that they were not so agreeing, they should by such silence, when they should have spoken, be deemed to have waived any right to object thereto. To permit him to take advantage of such a situation is in my mind outside the boundary of the standard of ordinary decency and good conscience which should be expected of an attorney and officer of the court, although from the defendant's point of view, quite in keeping with the modern trend to-

ward giving all advantages and protections to those accused of crime and holding them to practically no responsibilities.

It is further pertinent to observe that the question of whether there was in fact a consent to the June 6 trial date and/or a voluntary waiver of a known right at the April 10 hearing is one of fact which the trial court heard and ruled upon on the motion to dismiss. (As to waiver see 21 Am.Jur.2d Criminal Law, Sec. 219; as to waiver by acquiescence in delay see People v. White, 2 N.Y.2d 220, 159 N.Y.S.2d 168, 140 N.E.2d 258 (1957), and cases therein cited.) The issues were determined adversely to the defendant and under traditional rules should not be disturbed.

In addition to and supporting what I have said above, there is a separate ground upon which the trial court's judgment should be affirmed. The essence of what the trial court did, in open court with the defendant and his counsel present, was to *grant a reasonable continuance for good cause shown* exactly as is authorized by Sec. 77–65–1(a), U.C.A.1953.

For these reasons I dissent and would affirm the judgment entered upon tne defendant's plea of guilty instead of nullifying it as is done by the court's decision.

HENRIOD, J., does not participate.