475 P.2d 60

STATE of Utah, Plaintiff and Respondent,

v.

Robert BELCHER, Defendant and Appellant.

No. 12077.

Supreme Court of Utah.

Sept. 29, 1970.

John D. O'Connell, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Asst. Atty. Gen., Salt Lake City, for plaintiff-respondent.

ELLETT, Justice.

While the appellant was an inmate of the Utah State Prison, he was accused of having made an assault upon a guard with malice aforethought, a felony punishable by death. Sec. 76–7–12, U.C.A.1953, as amended (1969 pocket supplement). The complaint was filed in the office of the

committing magistrate on August 6, 1969. In felony cases the filing of a complaint is the process by which the defendant is held until a preliminary hearing can be held to permit the magistrate to determine if the defendant should be bound over to the district court for trial. (21 Am.Jur. 2d Crim. Law § 443) The preliminary hearing was held November 20, 1969, at which time the magistrate found that there was probable cause to believe that the crime set out in the complaint had been committed and that there was probable cause to believe the defendant committed it.

■ The preliminary hearing takes the place of a grand jury investigation. If an accused is held to answer to a felony charge, the district attorney draws an information. If he is held by a grand jury investigation, he is held by an indictment signed by the foreman of the grand jury. The accused cannot plead to the complaint in a felony matter but must plead to and be tried under the information or indictment, as the case may be. It is only when the charge against him is a simple misdemeanor that the plea is made to the complaint and he can be tried thereunder.

Prior to the preliminary hearing, to-wit, on September 19, 1969, the defendant in this matter served notice upon the warden of the prison requesting final disposition of the charges which he alleged were pending against him. This notice was made pursuant to Sec. 77–65–1, U.C.A.1953, as amended (1969 pocket supplement), which so far as material reads:

Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of this state, and whenever during the continuance of the term of imprisonment there is pending in this state any untried indictment, information or complaint against the prisoner, he shall be brought to trial within ninety days after he shall have caused to be delivered to the county attorney of the county in which the indictment, information or complaint is pending and the appropriate court written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: provided, that for a good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. * * *

For some reason not shown by the record the request for disposition was not filed with the clerk of the district court until December 2, 1969. The district attorney filed an information on November 26, 1969, and the defendant was arraigned in the district court on the charge set out in the information on December 1, 1969. He at that time entered a plea of not guilty, and the case was set for trial on December 8, 1969. The defendant then gave written

notice of his intention to rely upon the defense of insanity.

When an accused gives notice of the defense of insanity, the court must arrange for two alienists to examine him and to investigate his sanity. Sec. 77–24–17, U.C.A.1953.

On December 8, 1969 (within ninety days following the request for disposition) the State moved for a continuance, which motion for good cause shown was granted. The case was reset for trial on January 26, 1970. The matter was continued until January 27, 1970, and on that date the defendant was not present. Finally, on March 9, 1970, the defendant entered a plea of guilty to an included offense of assault upon a guard with a deadly weapon without malice. Sec. 76–7–11, U.C.A.1953, as amended (1969 pocket supplement).

■ The defendant appeals and asks us to exonerate him of the crime because he says he was not finally tried within ninety days from the date of his request.

There are several reasons why he cannot properly be freed. In the first place, the court for good cause shown continued the trial date; in the second place, he could have been tried on December 8, 1969, except for his plea of insanity; and in the third place, there was no way to dispose of the matter finally until the information was filed. His request was premature. He could not enter a plea of guilty to the complaint; and if the complaint had been dismissed, the matter would not be disposed of finally, since the dismissal would not be res judicata and another complaint could be filed at any time within the statute of limitations (four years from date of crime, Sec. 77–9–2, U.C.A.1953).

The defendant apparently bargained for a reduction of the charge against him so as to make certain that the death penalty could not be imposed. His assignments of error are not well taken. The judgment and sentence of the district court are affirmed.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.