477 P.2d 147

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Louis W. BONNY, Jr., Defendant and Appellant.**

**No. 12087.**

Supreme Court of Utah.

Nov. 23, 1970.

Ellett, J., concurred and filed opinion.

John D. O'Connell, of Salt Lake Legal Defender Assn., Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Asst. Atty. Gen., Salt Lake City, for plaintiff-respondent.

CROCKETT, Chief Justice:

Louis Walton Bonny, Jr., seeks to reverse his conviction of escape from the Utah State Prison. He had been committed in 1967 for second-degree burglary. On November 4, 1969, on the basis of facts not material to this appeal, he was charged with the crime of escape by a complaint filed in the City Court of Salt Lake City. Two days later, on November 6, 1969, his counsel filed on his behalf a request for final disposition of the escape charge pursuant to Sec. 77–65–1, U.C.A.1953, which provides that any charge pending against a

prisoner shall be disposed of within 90 days after the filing of such a demand. After appropriate proceedings in which the defendant was bound over to the district court, defendant and his counsel, Mr. John D. O'Connell, appeared for arraignment in the district court on January 26, 1970. The court indicated a trial date of January 28, which would have been within the 90-day period. However, for reasons set out below, the trial was actually set for February 9, 1970, five days beyond the 90 days prescribed by the statute. At the beginning of the trial defense counsel moved to dismiss on that ground. The motion was denied, and the defendant was found guilty.

On appeal the defendant's sole contention is that the court erred in refusing to grant his motion to dismiss just referred to. The statute relied upon by the defendant, Sec. 77-65-1, in pertinent part provides:

* * * and whenever during * * * the term of imprisonment there is pending in this state any untried indictment, information or complaint against the prisoner, he shall be brought to trial within ninety days after he shall have caused to be delivered to the county attorney * * * his request for a final disposition * * *: *provided, that for a good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.* * * *

The emphasized language of the statute just quoted makes it clear that if there is a reasonable basis in the record to support the proposition that the trial court granted a continuance "for good cause shown" it was within his discretion and authority to do so. At the time of arraignment, the defendant and his counsel being present, after the entry of a plea of not guilty, the following colloquy occurred concerning the setting of a trial date:

THE COURT: All right. The trial?

MR. NEMELKA: Could we set this for a first place on the 28th? That would be Wednesday, January the 28th. He also filed, your Honor, a Notice of Disposition signed the 6th of November. Well, we could set it—

MR. O'CONNELL: What is the statutory time? I believe it is longer than that, your Honor, isn't it? Don't we have forty-eight hours?

THE COURT: I am not requiring you accept that. That is an offer available.

MR. O'CONNELL: *I can't accept that your Honor. I am trying a First Degree Murder Preliminary Hearing that day.*

THE COURT: What is the next most available time?

MR. NEMELKA: The 9th of February.

THE COURT: Is that all right?

MR. O'CONNELL: *That is all right, your Honor.*

THE COURT: May be set for the 9th of February. Thank you.

It will thus be seen that the situation dealt with by the trial court falls clearly within the emphasized portion of Sec. 77–65–1 quoted above. The court offered a trial date within the 90 days, that is, on January 28, 1970. It was at the request of, and in order to accommodate, the defendant's counsel, (with the defendant at his side) that he not be forced to trial on the 28th when he had another commitment, that the trial court indicated a setting for February 9th, just five days beyond the 90-day period, which was agreed to by the defense. Inasmuch as this occurrence took place within the 90-day period,[1] the court certainly then had jurisdiction of the matter in which the statute says that it "may grant any necessary or reasonable continuance." The order made was within the authority of the court; and was entirely reasonable and practical under the circumstances. (All emphasis added.)

Affirmed. No costs awarded.

CALLISTER, TUCKETT and HENROID, JJ., concur.

ELLETT, Justice (concurring).

I concur but wish to add another reason for doing so: The defendant prematurely demanded final disposition of the case before the information was filed.[1] He was tried well within the 90 days following the filing of the information.

---

1. Thus differing from State v. Wilson, 22 Utah 2d 361, 453 P.2d 158, where the majority opinion commented: "The State's attorney, *within the 90-day period,* for good cause [shown] could have moved for a continuance beyond the period proscribed"; and see also State v. Belcher, 25 Utah 2d 37, 475 P.2d 60 (1970).

1. State v. Belcher, 25 Utah 2d 37, 475 P.2d 60.