PER CURIAM.
This is an original proceeding in prohibition. In his suggestion the relator alleged that on June 6, 1971, he was arrested and charged with breaking and entering a dwelling, and that on the day following his arrest he filed a demand for speedy trial under Rule 1.191 CrPR 33 F.S.A.[1] The suggestion contained no allegation as to whether or when the defendant was indicted or informed against. It was alleged that a motion for discharge, filed by him on August 31, 1971, more than 60 days after the demand, was denied by the respondent judge.
A rule nisi in prohibition was issued. In the return filed thereto it was disclosed that at the time of the demand for speedy trial the relator had not been indicted or informed against, and that an information was filed on July 21, 1971, charging him with breaking and entering a dwelling with intent to commit grand larceny (a felony).
In the return the respondent contended the suggestion was insufficient, for failure to show that an indictment or information had preceded the demand for a speedy trial, and that as a matter of law the demand was ineffective and a nullity because it was filed prior to the filing of the information, which by § 1.191(a) (2) was prerequisite.[2]
The matter having come on for final hearing and having been considered on the record, briefs and arguments of counsel, *846 we are impelled to conclude that the position taken by the respondent is correct, and that prohibition should be denied.
Accordingly, the rule nisi in prohibition is discharged, and the suggestion in prohibition is dismissed.
The time for filing a petition for rehearing herein is reduced to five days.
It is so ordered.

. See In re Florida Rules of Criminal Procedure, Fla.1971, 245 So.2d 33.

. See State ex rel. Hanks v. Goodman, Opinion on rehearing, Fla.1971, 253 So.2d 129.