501 P.2d 274

**STATE of Utah, Plaintiff and Appellant,**

**v.**

**Steven Lynn CLARK, Defendant and Respondent.**

**No. 12877.**

Supreme Court of Utah.

Sept. 20, 1972.

Crockett, J., concurred and filed an opinion.

Tuckett, J., dissented and filed an opinion in which Henriod, J., concurred.

Robert L. Neeley, Deputy Dist. Atty., Farmington, Vernon B. Romney, Atty. Gen., David S. Young, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellant.

Felshaw King, of King & King, Clearfield, for defendant and respondent.

ELLETT, Justice:

The State appeals from an order made by the trial court dismissing an information wherein the respondent was charged with the crime of burglary in the second degree. There has been no trial of the matter, and the State is therefore entitled to appeal. Section 77–39–4, U.C.A.1953. The dismissal was made pursuant to Sections 77–65–1 and 77–65–2, U.C.A.1953 as amended by Laws of Utah 1965, Chapter 157. Those sections, so far as material, read:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of this state, and whenever during the continuance of the term of imprisonment there is pending in this state any untried indictment, information or complaint against the prisoner, he shall be brought to trial within ninety days after he shall have caused to be delivered to the county attorney of the county in which the indictment, information or complaint is pending and the appropriate court written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: provided, that for a good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.
>
> . . .
>
> In the event that the action is not brought to trial within the period of time as herein provided, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

A complaint was signed and the respondent arrested on November 11, 1971. At that time he was on parole from the state prison. He was returned to prison, and on November 15, 1971, he requested final disposition of the matter contained in the complaint.

A preliminary hearing was held February 1, 1972, and he was bound over to the district court. Nine days later the district attorney filed an information charging the respondent with the crime of burglary in the second degree. Four days thereafter the respondent was arraigned, and trial was set for February 25, 1972.

On February 24, 1972, the respondent moved for dismissal on the ground that

more than ninety days had elapsed since he demanded trial. The judge granted the motion.

The question involved herein was decided in the case of State v. Belche, 25 Utah 2d 37, 475 P.2d 60 (1970). The defendant could not be tried on the complaint, the function of which was merely to detain him until a determination could be made at a preliminary hearing whether to hold him for trial or to release him.

The case of State v. Wilson, 22 Utah 2d 361, 453 P.2d 158 (1969), seems to be in conflict with the holding announced in State v. Belcher, supra. However, in the Wilson case the point involved herein was not raised. The State there contended that the defendant at arraignment by not demanding a trial date within the ninety-day provision of the statute waived the limitation. Our decision in that case was to the effect that there was no waiver on the part of the defendant by not calling the attention of the court to the lateness of the trial date.

If a defendant is not proceeded against with dispatch, he has available to him the constitutional defense of lack of a speedy trial. The statute does not supplant that defense. It applies only to prisoners incarcerated in penal institutions. It specifically limits the request to a situation where there is a pending untried informa-

tion, indictment or complaint. The only time when there can be an untried complaint is when the charge is a misdemeanor. In the instant case the trial was set fifteen days after the information was filed.

The question of the validity of a notice filed in felony cases before the filing of an information or indictment has been decided by the Supreme Court of Florida. Rule 1.191(a)(2) of the Florida Rules of Criminal Procedure, 33 F.S.A.[1] so far as material reads:

> . . . [E]very person charged with a crime, by indictment or information or trial affidavit, shall upon demand filed with the court . . . be brought to trial within 60 days, . . . and if not brought to trial within such period of time following such demand shall upon motion timely filed with the court . . . be forever discharged from the crime;
>
> . . .

In the case of State ex rel. Dennis v. Morphonios, 252 So.2d 845 (Fla.App.1971), the relator was arrested and charged with breaking and entering a dwelling on June 6, 1971. On June 7, 1971, he filed a demand for speedy trial. There was no allegation that an information or indictment had been filed against him. The information was filed July 21, 1971, charging the relator with the crime for which he was being held. On August 31, 1971, he filed a motion to dismiss. The motion was de-

nied, and relator sought a writ of prohibition against the judge to prevent trial after the lapse of 60 days from notice. The Florida District Court of Appeal denied the writ on the ground that notice filed before information is a nullity.

Also, in State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla.1971), the court said:

Petitioners were taken into custody February 5, 1971, and have remained in custody charged with the crime of rape, a capital offense. A written demand for speedy trial was filed May 25, 1971, and an indictment was returned June 1, 1971. This written demand was a nullity. . . .

We think the State has ninety days from notice after an information or indictment has been filed in which to bring the defendant to trial in a felony case.

The order is reversed and the case remanded for trial.

CALLISTER, C. J., concurs.

CROCKETT, Justice (concurring):

I concur with the main opinion, but add certain comments to emphasize what I think is the proper application of the language of the statute, Sec. 77–65–1(a), U. C.A.1953. Its purpose is to prevent keeping criminal charges "hanging over the head" of one who is in prison. It affords him a means of having such charges disposed of and is in accord with the consti-tutional guarantee of a speedy trial. The purpose is a salutary one which should be carried out. But it should be done in accordance with the express terms of the statute.

The fact should not be ignored that the procedure authorized by the statute is not prescribed in general terms as it could have been if it had been intended to be applied as the defendant contends. But it expressly specifies three different situations; and they are stated in the disjunctive. It provides that where an "indictment, information *or* complaint is pending . . . " the prisoner may file with the county attorney and with "the appropriate court" the notice requiring disposition of the charge. The *appropriate court* surely must mean the court which is required to act upon the notice.

If the pending charge is for a misdemeanor, it is on a complaint. In such instance the city or justice's court is the only court in which there could be "pending . . . any untried . . . *complaint* against the prisoner" upon which there could be a final disposition of the "complaint"; and the city or justice's court is "the appropriate court" to which the demand should be made.

But if the charge is for felony, then the district court is the only court in which there could be "pending . . . any untried indictment, [or] information . . . against the prisoner"; and it is the only

court which could make any "final disposition" of such an indictment or information. It therefore appears to be both logical and in precise conformity with the language of the statute that in the procedure on a felony the "appropriate court" to be given notice is the district court, which is the court obliged to comply therewith. It also seems obvious that a demand could properly be filed with the district court only after it had acquired jurisdiction by the filing of the indictment or information.

It should be pointed out further that if the defendant's contention were correct, there could well be exigent circumstances in which nearly all of the ninety day period (or even beyond it) may have elapsed before the defendant is bound over to the district court, and before the information is filed therein. In such a situation, because of delays which may have occurred for any cause whatsoever, the district court would have very little time to act. In fact the entire 90 days could have elapsed, so that defendant's interpretation would require the district court to act before it ever acquired a jurisdiction. This could create a situation much more difficult for the prosecution to cope with in felony than in misdemeanor cases.

It is therefore submitted that the application of the statute contended for by the defendant is not in accord with its language, and that it leaves open the possibility of unintended difficulties. Whereas, on the contrary, the application of the statute as stated in the main opinion, is in harmony with its literal terms, and provides adequate protection for the prisoner in conformity with the purpose of the statute. (Emphasis mine)

TUCKETT, Justice (dissenting):

I respectfully dissent. It seems to me that the main opinion places a strained construction upon provisions of Sec. 77–65–1 and 77–65–2, U.C.A.1953, as amended. Key provisions of the section quoted in the main opinion are as follows:

. . . he shall be brought to trial *within ninety days after* he shall have caused to be delivered to the county attorney of the county in which the indictment, information or complaint is pending and the approriate court written *notice of the place of his imprisonment and his request for a final disposition.* . .

The fact that the legislature used the words "indictment," "information" and "complaint" would simply indicate that it intended to include any charge no matter in what form it might be or in what court the case was pending. It should be noted that the statute provides that for good cause shown the court having jurisdiction might grant any necessary or reasonable continuance. This provision is undoubtedly intended to cover those situations where the prosecutor or the defendant finds the problem of proceeding to trial

insurmountable. In the ordinary run-of-the-mill cases, 90 days is ample to bring the case to trial where no cause for delay exists. The legislature undoubtedly thought that period of time was sufficient, and I agree.

HENRIOD, J., concurs in the dissenting opinion of TUCKETT, J.