STATE of Utah, Plaintiff and Respondent,

v.

Harold Michael MOORE, Defendant and Appellant.

No. 13225.

Supreme Court of Utah.

April 18, 1974.

---

Paul D. Vernieu of Weber County Legal Aid Services, Inc., Ogden, for defendant and appellant.

Vernon B. Romney, Atty. Gen., M. Reid Russell, Asst. Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

The defendant appeals from two separate verdicts of guilty and judgments entered by the District Court of Weber County for the crimes of selling controlled substances. In the district court the defendant made pretrial motions to dismiss, and a post-trial motion in arrest of judgment, all of which were grounded on lack of jurisdiction in the trial court, and the separate motions were denied.

On September 17, 1971, two separate complaints were filed in the Ogden City Court charging the defendant with the crimes of selling marijuana and heroin. The defendant was admitted to bail by the City Court, and his motion for a continuance to enable him to obtain counsel was granted. After the defendant appeared with counsel, preliminary examination was set for November 26, 1971. On November 26, the prosecution, not being ready to proceed, was granted a continuance by the court. On November 26, the defendant was taken into custody for violation of his parole under a prior conviction. Defendant was returned to the Utah State Prison on December 2, 1971.

On December 30, 1971, the defendant delivered to the warden of the State Prison his written request for a final disposition of any charges pending against him. The State decided to proceed with the prosecution, and a preliminary examination in each case was set for February 8, 1972. On February 8, 1972, the prosecution was not ready to proceed and moved the court for a further continuance, which was denied. The court ordered that the complaints be dismissed for failure to prosecute. On February 9, 1972, new complaints were filed which charged identical offenses as were contained in the first complaints. On March 8, 1972, a preliminary hearing was had in the City Court on the new complaints, and the defendant was held to answer as to each case.

A trial was had in the District Court of Weber County on April 12, 1972, at which time the defendant renewed his motions to dismiss for lack of jurisdiction. After verdicts of guilty were returned as to each information, the defendant filed motions in arrest of judgment. The motions were denied and the defendant sentenced to serve concurrent terms in the Utah State Prison.

We are again called upon to consider the provisions of Section 77–65–1(a), U.C.A.1953, as amended, the pertinent part of which is as follows:

Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of this state, and whenever during the continuance of the term of imprisonment there is pending in this state any untried indictment, information or complaint against the prisoner, *he shall be brought to trial within ninety*

**558**

*days after he shall have caused to be delivered to the county attorney* of the county in which the indictment, information or complaint is pending and the appropriate court written *notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint*: provided, that for a good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance . . . . [Emphasis added.]

The interpretation of this statute has been before the court on prior occasions. In the case of State v. Belcher,[1] the trial court had for a good cause shown continued the trial of the case beyond the 90 days but pursuant to the terms of the statute. In the case of State v. Clark,[2] it was decided by a divided court that the 90-day period provided by the statute commenced to run after an information in a felony case had been filed and thereafter notice had been given by the defendant. After further consideration and examination of the statute we conclude that the 90-day period commences on the day the defendant notified the county attorney of his request for final disposition of a case or cases pending against him, and the filing of a complaint, information or indictment does not affect the commencement of that period.[3] The procedure of dismissing a complaint or an information and thereafter filing a complaint or an information charging an identical offense cannot be used by a prosecutor to avoid a mandate of the statute as was done in this case.

The verdicts and judgments of the court below are reversed.

CALLISTER, C. J., and HENRIOD, J., concur.

1. 25 Utah 2d 37, 475 P.2d 60.
2. 28 Utah 2d 272, 501 P.2d 274.

ELLETT, Justice: (dissenting).

I dissent.

The defendant alleges two grounds of error in the court below:

1. Lack of speedy trial.

2. Lack of jurisdiction to try him by reason of the operation of Sections 77–65–1 and 77–65–2, Utah Code Annotated 1953 as amended.

Defendant while on parole from the Utah State Prison was charged with two felonies, to wit, selling marijuana and selling heroin. On November 26 he was arrested for parole violation, and after a hearing by the board his parole was revoked, and he was reincarcerated in the state prison. On December 30 he demanded that all charges then pending against him be finally disposed of as provided by law. On February 8 following, the State was unable to have the chemist present at the preliminary hearing, and the committing magistrate dismissed the complaints.

On February 9 the defendant was charged in two new complaints with the same crimes, and preliminary hearings were held March 8. The committing magistrate finding from the evidence that the two crimes alleged in the complaints had been committed and that there was probable cause to believe the defendant had committed them ordered him to be held for trial in the district court.

The defendant was formally charged by information filed on March 15, only seven days after he had been bound over for trial. He was tried April 12 following and was by jury verdict found guilty as charged.

Defendant contends that his constitutional right to a speedy trial was denied. There is no merit to this contention. In the case of State v. Renzo[1] the same claim

3. State v. Wilson, 22 Utah 2d 361, 453 P.2d 158.
1. 21 Utah 2d 205, 443 P.2d 392 (1968).

was made by the defendant and was rejected by this court in the follwing language:

. . . The constitutional protection afforded one relative to a speedy trial has no application until after a prosecution is instituted. See Foley v. United States, 8 Cir., 290 F.2d 562, cert. den. 368 U.S. 888, 82 S.Ct. 139, 7 L.Ed.2d 88 (1961), holding that prosecution is not instituted until an indictment is returned or an information is filed. . . .

The same contention was made by the defendant in the Arizona case of State v. Enriquez.[2] The Arizona Supreme Court also rejected the claim, saying:

The defendant contends that he was denied a speedy trial in violation of constitutional guarantees. The motion to dismiss the case on the grounds of a denial of a speedy trial was addressed only to the time elapsed between the defendant's arrest and the time that he was bound over to the superior court for trial. We have stated, "The rule is firmly established [sic] that the protection afforded by Art. 2, § 24 of the Arizona Constitution and by the Sixth Amendment right under the United States Constitution to a speedy trial, has no application until after a prosecution is commenced or an accused is held to answer."

. . .

In the instant matter the defendant was not held to answer the charges against him until March 8, 1972. His trial was held April 12, 1972, just 35 days later, and this is certainly a speedy trial.

The defendant further contends that under the statute he had a right to have all criminal matters for which he was held for investigation dismissed *finally*. The prevailing opinion supports his contention although the committing magistrate is powerless to *finally* determine the matter. If the defendant had been arrested awaiting action by a grand jury and that grand jury failed to indict him, he would have the same right to avoid any further prosecution under the reasoning of the prevailing

opinion, and he could not be subsequently indicted and tried, regardless of what the evidence might be, because he was not tried finally within 90 days of his demand.

In the case of State v. Belcher[3] this court unanimously held:

. . . [I]n the third place, there was no way to dispose of the matter finally until the information was filed. His request was premature. . . .

In the case of State v. Clark[4] this court held as follows:

. . . The defendant could not be tried on the complaint, the function of which was merely to detain him until a determination could be made at a preliminary hearing whether to hold him for trial or to release him.

Section 77–9–1, U.C.A.1953, provides for time limitations on prosecutions. It provides that "There shall be no limitation of time within which a prosecution for murder, . . . must be commenced." For other felonies, prosecution must be based on indictment or information based on a complaint filed within four years after the commission of the crime.

The effect of the holding in the main opinion is to make the statute of limitations 90 days after demand for trial if the accused is incarcerated but not if he is on bond.

Suppose one in prison murders the warden and as soon as a complaint is filed demands trial. A preliminary hearing is held, and due to the absence of material witnesses the justice of the peace dismisses the complaint and discharges the defendant; or suppose the magistrate deliberately holds the matter under advisement until after the expiration of the 90-day period. Is the defendant freed from further prosecution if additional evidence is thereafter discovered? Under the rule announced in the prevailing opinion the murderer would be freed after the elapse of 90 days from demand, and this in spite of the fact that

2. 102 Ariz. 402, 430 P.2d 422 (1967).

3. 25 Utah 2d 37, 475 P.2d 60 (1970).

4. 28 Utah 2d 272, 501 P.2d 274 (1972).

the justice of the peace could not make a *final* disposition of the matter.

When a statute is subject to more than one interpretation, it is our duty to make it harmonize with other statutes where possible and to interpret it in the light of reason and common sense. I think we did just that in the Belcher and Clark cases when we held that the only time a justice of the peace had the power to finally dispose of a matter pending before him on a *complaint* was when the charge was a *misdemeanor,* and I am not inclined to reverse that ruling.

The instant case falls squarely within those cases, and the trial judge properly refused to set the appellant free. The judgment and sentence should therefore be affirmed.

CROCKETT, J., concurs in the views expressed in the dissenting opinion of ELLETT, J.